ViON CORPORATION, Appellant,

v.

The UNITED STATES, Appellee.

No. 90–1190.

United States Court of Appeals,
Federal Circuit.

June 25, 1990.

Irwin Goldbloom, of Latham & Watkins, Washington, D.C., argued for appellant. Of counsel was Franklin G. Snyder.

Joan M. Bernott, of the Dept. of Justice, Washington, D.C., argued for appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director. Of counsel was LTC. John P. Galligan, Major Peter Comodeca, LTC. Clarence D. Long, III and Captain Timothy Rollins.

Before NEWMAN, MICHEL, Circuit Judges, and CONTI, District Judge.*

MICHEL, Circuit Judge.

ViON Corporation (ViON) appeals the dismissal of its bid protest by the General Services Administration Board of Contract Appeals (Board). *ViON Corp.*, GSBCA No. 10218–P, 90–1 BCA ¶ 22,287, at 111,-932, 1989 WL109224 (1989). Because the Board erred as a matter of law in ruling the protest frivolous, we reverse and remand the case with instructions to reinstate the protest.

### BACKGROUND

ViON filed with the Board a timely protest of a solicitation by the United States Army Information Systems Selection and Acquisition Agency (Army) for procurement of IBM-compatible central processing

---

* The Honorable Samuel Conti, Senior District Judge, United States District Court for the Northern District of California, sitting by designation.

units (CPUs). The solicitation provided that any CPU proposed by an offeror would be evaluated on the basis of an averaging of the CPU's "MIPS"[1] ratings published by three commercial rating services.

ViON's protest consists of four counts challenging the Army's exclusive reliance on the MIPS ratings to assess CPU performance as unfairly restricting competition. ViON said the services underrated the brand it would offer (NAS) and overrated three other makers, based on self-assessments of the four companies. ViON sought relief consisting of an order from the Board compelling the Army to conduct a benchmark[2] or take other steps to ensure that offerors may propose any manufacturer's CPU satisfying the Army's actual minimum needs. *ViON*, 90–1 BCA ¶ 22,287, at 111,933.

Initially, the Army moved to dismiss the protest as frivolous. The Board denied the motion stating, "From the standpoint of subject matter, this protest is certainly not a frivolous one. ViON contends that there are provisions within the solicitation which preclude it from competing on an equal basis with other vendors. Certainly, if proven, this could constitute a violation of statute and regulation." *ViON*, 89–3 BCA ¶ 22,190, at 111,645. The Board authorized the parties to begin pretrial discovery with specific directions that discovery objections must be "promptly raised and resolved" by the parties and not delayed until responses are due. *ViON*, 90–1 BCA ¶ 22,287, at 111934. Discovery ensued and the Army subsequently filed a motion for discovery sanctions because, it stated, ViON's discovery responses "show[ed] a deliberate pattern of refusal to cooperate with the Board's order [authorizing discovery]." *Id.* at 111,936. The Board convened a telephone conference to hear argument on the motion and the administrative judge (AJ), *sua sponte,* orally ordered ViON to show

cause why its protest should not be dismissed. ViON submitted a response to the Show Cause Order and thereafter the AJ dismissed the protest for two reasons: (1) the protest was frivolous and (2) ViON failed to comply with the Board's orders on discovery. *Id.* at 111,933. ViON moved for reconsideration and the Board, in response, restated its dismissal. It specifically stated the dismissal was because the protest was frivolous and it was not a discovery sanction. *ViON Corp.,* GSBCA No. 10218–P, 90–1 BCA ¶ 22,548, at 113,-145, 1989 WL159248 (opinion on reconsideration) ViON made a timely appeal of the dismissal to this court; we have jurisdiction to hear its appeal under 28 U.S.C. § 1295(a)(10) (1988). We must decide whether this protest is frivolous and therefore must be dismissed under 40 U.S.C. § 759(f)(4)(C) (Supp. V 1987).

## OPINION

The Board is authorized by statute to dismiss "a protest the board determines is frivolous or which, on its face, does not state a valid basis for protest." *Id.* The Board construed the provision allowing for the dismissal of a frivolous protest as granting the Board the "right to dismiss the complaints of vendors who are unable to substantiate their claims, or for some reason consciously interfere with or delay the Board's management of protest proceedings." *ViON*, 90–1 BCA ¶ 22,548, at 113,148. In support of that interpretation the Army relies on the Conference Report accompanying the Deficit Reduction Act of 1984, which enacted the dismissal provision, that reads:

> The conferees believe that the Board is well equipped to provide timely resolution of conflicts between the procuring agencies and the suppliers of computer products and services. To avoid disrupting legitimate procurements, and espe-

---

**1.** "MIPS" is an acronym for "millions of instructions per second," which is one measure of a CPU's speed of performance. *See ViON Corp.,* GSBCA No. 10218–P, 89–3 BCA ¶ 22,190 at 111,-645, 1989 WL103200.

**2.** Benchmarks are "user constructed tests that verify the performance of a proposed [CPU] by

measuring its ability to execute a group of user programs, that are representative of projected workload, within certain predetermined user time requirements." FIRMR Bull. No. 27 at 7 (Gen. Serv. Admin. Sept. 25, 1985).

cially to prevent protest actions taken in bad faith from interrupting contract performance, the Board is authorized to dismiss at any point in the process any protest action that it determines to be frivolous or which, on its face, does not state a valid basis for the protest.

H. Conf. Rep. No. 861, 98th Cong., 2d Sess. 1431, *reprinted in* 1984 U.S.Code Cong. & Admin.News 697, 1445, 2119. The Board asserts that the statute requires expeditious proceedings geared to the goals of economic and efficient procurements. *ViON*, 90–1 BCA ¶ 22,548, at 113,148; *see* 40 U.S.C. § 759(f)(5)(A) (Supp. V 1987). We certainly agree. To meet those goals, Congress explicitly granted the Board authority to dismiss protests which, on their face, fail to state a valid basis of protest and to dismiss protests at any point in the proceeding if the protests are frivolous. 40 U.S.C. § 759(f)(4)(C). The legislative history, however, does not indicate that Congress intended the word "frivolous" to have a meaning different than its common usage in other legal contexts.

"Frivolous" is a term with an established legal meaning in various contexts. *See Eltech Sys. Corp. v. PPG Indus., Inc.,* 903 F.2d 805, 807 (Fed. Cir.1990) (Patent infringement decision stating that a frivolous claim is a meritless claim.); *Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000–01 (Fed. Cir.1987) (Claim for money damages resulting from U.S. grain embargo against the Soviet Union; "Other circuits have succinctly defined frivolous claims or appeals as those which involve 'legal points not arguable on their merits,' or those whose disposition is obvious.") (multiple cases cited therein omitted); *Ralston Steel Corp. v. United States,* 340 F.2d 663, 667, 169 Ct.Cl. 119, *cert. denied,* 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965) (Suit seeking recovery of taxes paid to the Internal Revenue Service; a claim must be "arguable" to not be "frivolous."); *see also* G.P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 31(b) at 419 (1989) [hereinafter *G.P. Joseph* ] (Frivolity "is a function of the merit, or lack of merit, of the arguments comprising it.").[3]

■ Every conscious interference with or delay in the Board's management of a protest proceeding does not necessarily make the protest frivolous, in and of itself, even if motivated by bad faith.[4] Here the Board found the protest was "not being prosecuted in a fair fashion and that protester's motives in bringing the protest [were] not genuine. On the basis of ViON's conduct ... we conclude that this [was a frivolous] protest." *ViON*, 90–1 BCA ¶ 22,287, at 111,942. If this protest has an arguable basis in law or fact, however, it cannot be deemed frivolous; the protester's subjective motive is irrelevant. *See Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir.1987) (Stating, with regard to Rule 11 sanctions, a "nonfrivolous complaint cannot be said to be filed for an improper purpose.").

■ The dismissal of a protest as frivolous is different than a dismissal for bad faith, which invokes inherent authority of

---

**3.** In the context of *in forma pauperis* cases, the Supreme Court has held that courts have the authority, under 28 U.S.C. § 1915(d) (1988), to dismiss a *pro se* civil rights complaint as frivolous where it "lacks even an arguable basis in law." *Neitzke v. Williams,* — U.S. —, —, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see Brandon v. District of Columbia Bd. of Parole,* 734 F.2d 56, 59 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). The agency complains that the Supreme Court case dealing with an *in forma pauperis* proceeding is inapplicable. The Supreme Court's language, however, is no different from the language used by the circuit courts in other civil cases. Interpreting Rule 11 of the Federal Rules of Civil Procedure, courts have held that a complaint "that is well-grounded in fact and law cannot be sanctioned" as frivolous. *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir.1987); *see Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986) (A frivolous, and therefore sanctionable, filing is one that is "legally unreasonable, or without factual foundation."); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985) (remanded for imposition of sanctions).

**4.** This is not to say that the refusal to respond promptly and adequately to proper discovery requests might not, in this or some other case, give rise to an inference that the protester's case lacks merit because the protester does not have the facts required for an arguable case.

federal courts. *See generally G.P. Joseph, supra* § 26(B) at 388–91 (and cases cited therein). Congress did not grant to the Board, in 40 U.S.C. § 759(f)(4)(C), the authority to dismiss a protest due to bad faith, but instead limited the dismissal to frivolous protests and protests that, on their face, fail to state a valid basis. A frivolous protest may or may not be made in bad faith and, conversely, a protest made in bad faith may or may not be frivolous. Circumstances could arise when a frivolous protest is also made in bad faith. Dismissal under 40 U.S.C. § 759(f)(4)(C) would be appropriate in such a case, however, solely because the protest is frivolous.

■ In dismissing this protest, the Board provided no analysis of the protester's factual contentions and legal theories to support its conclusion that the protest is frivolous. In denying the initial motion to dismiss as frivolous, the Board stated it believed "there was a genuine basis of protest which was facially supported by alleged facts and circumstances." *ViON*, 90–1 BCA ¶ 22,287, at 111,941. With regard to the Show Cause Order concerning discovery, issued *sua sponte*, however, the Board stated that:

> Since this protest was filed, however, we have had the opportunity to observe the actions of protester first hand. We have reviewed in detail the answers ViON has provided to critical discovery requests. We have concluded that they were inadequate. We have likewise seen protester disregard important provisions in the Board's order authorizing discovery, with the result that the Board's control over the discovery process was diminished and the discovery accomplished was less efficient and less productive. In the absence of some redress from the Board, all of these actions on the part of ViON make it increasingly difficult for the agency to prepare a timely defense and, to that extent, provide ViON with an unfair advantage in pursuing the protest.

*Id.* This language bespeaks sanctions for failure to comply with discovery orders. The Board, however, in its reconsideration decision, specifically disavowed that basis.

Yet the Board stated that in dismissing the protest as frivolous it "was particularly interested in two issues. First, did ViON possess the information necessary to pursue its protest in an effective manner? Second, did ViON have that information but, for some reason known only to itself, choose not to make it available in response to specific discovery requests?" *ViON*, 90–1 BCA ¶ 22,548, at 113,149.

The Board expressed particular concern that ViON did not provide the information sought by the Army as to the steps needed for accurate CPU performance validations and as to which CPUs ViON believed it could not propose, thereby being placed at a competitive disadvantage. *Id.* at 113,145. The interrogatories from the Army requested ViON to identify steps ViON believed necessary to verify that the MIPS ratings correspond to actual CPU performance. ViON responded that it did not mean to tell the Army exactly what it must do. *ViON*, 90–1 BCA ¶ 22,287, at 111,936–37. ViON was also requested to identify each CPU it would like to propose, but which it believes it is precluded from proposing due to the MIPS ratings. *Id.* at 111,937. ViON responded that it wanted to propose a CPU satisfying the Army's minimum requirements and that every CPU it would like to propose placed it at a competitive disadvantage due to inaccurate MIPS ratings by the commercial rating services. *Id.*

The interrogatories for which the Board considered ViON nonresponsive, however, *did not relate to a matter ViON had the burden to prove.* The Board itself admitted that "ViON might successfully establish a *prima facie* case regarding an allegedly improper methodology for calculating CPU performance power without demonstrating the essential elements of a proper methodology." *Id.* at 111,940. ViON did not have the burden to propose alternative steps the Army could take to assure proper comparison of CPU performance. ViON thus properly declined to tell the Army the precise steps to take to avoid the alleged statutory and regulatory violations. Similarly, ViON stated that use of the commercial MIPS ratings caused it to be at a competitive disadvantage. ViON's failures

to specify alternative remedies to cure the alleged violations, and to name specific CPUs it would like to propose if the MIPS ratings were not used, cannot establish that the protest is frivolous.

A protest cannot be dismissed as "frivolous" unless the protest lacks an arguable basis in fact or law.[5] On this record, non-compliance with a discovery order on issues the protester need not prove and the Board's irrelevant finding that the motive of the protester was "not genuine" cannot make the protest frivolous. Considering this record as a whole, we hold this protest has not been shown to be frivolous.[6]

### CONCLUSION

ViON alleges violations of the Competition in Contracting Act of 1984, 41 U.S.C. § 253 (Supp. V 1987), the Armed Services Procurement Act, 10 U.S.C. §§ 2304–2305 (1988), and applicable regulations. Upon examining the protest and the initial discovery documents, we determine that the protest had an arguable basis in fact and law. Thus the protest was improperly dismissed as frivolous. Accordingly, the Board's dismissal with prejudice is

### COSTS

The government shall bear costs.

REVERSED AND THE CASE IS REMANDED WITH INSTRUCTIONS TO REINSTATE THE PROTEST.

---

**5.** We do not, however, comment on whether ViON could lawfully be sanctioned for past discovery misdeeds, or whether dismissal might be justified for any future discovery transgressions.

---

**6.** Our decision cannot and does not reflect an evaluation of the ultimate merits of the protest. We limit our decision to the narrow issue of whether, on this record, the protest was properly dismissed as frivolous.