ORDER AND MEMORANDUM OPINION GRANTING IN PART BDO SEID-MAN LLP’S AND DAVID DiMUZIO’S MOTION FOR A PROTECTIVE ORDER
WILLIAMS, Judge.
This latest skirmish in the ongoing discovery battle in this tax case occurred during the deposition of nonparty witness David DiMuzio, a former employee of nonparty BDO Seidman, LLP (BDO). During the deposition, counsel for Plaintiffs and BDO instructed the witness not to answer questions derived from documents that were produced by BDO to the Internal Revenue Service in “connection with a promoter audit of BDO Seidman [].” Declaration of James E. Gray, Senior Attorney, Large and Mid-sized Business Division, Office of Chief Counsel, IRS dated May 13, 2005 (Gray Decl.) 114. BDO and Plaintiffs both objected on grounds that the documents had been improperly disclosed in contravention of 26 U.S.C. § 6103 on two accounts — by the IRS to the Department of Justice and by the Department of Justice to Plaintiffs and the witness. During the deposition, the parties and BDO sought intervention by the Court on two occasions asking the Court to bar the use of these documents and any derivative questions from the deposition until they could brief the matter. The Court granted BDO and Plaintiffs’ request and directed the parties to continue with the deposition — without using the disputed BDO documents — and provide information on the IRS’ production to the DOJ and supplemental briefing on an expedited basis.[1] This matter comes before the Court on BDO’s and Mr. DiMuzio’s Motion for a Protective Order,[2] and Defendant’s motion for sanctions against BDO and Plaintiffs for raising a frivolous objection and disrupting Mr. DiMuzio’s deposition. On May 24, 2005, the Court oral *641 ly granted the parties’ and BDO’s consent motion for a protective order and denied Defendant’s motion for sanctions. This Order memorializes the Court’s oral ruling.
Background[3]
The documents at issue were produced by BDO in response to summonses issued by the IRS “in connection with the BDO promoter audit that relates to the Jade/Ervins transaction or generieally relate to BDO’s development, marketing or sale of the Options Spread Strategy or other tax shelters or tax strategies promoted by BDO (or any co-promoters)” as well as seven other documents described below. Gray Deck f 5. These seven documents
... had been shared among Internal Revenue Service personnel from the Office of Tax Shelter Analysis (OTSA) and examination teams responsible for auditing BDO Seidman or other co-promoters who were involved in the development, marketing or sale of the Options Spread Strategy. Four of the documents relate to the Options Spread Strategy. Three documents (two of which are identical) relate to strategies and successes of BDO’s Tax Solutions Group.
Id. 116. These documents were produced by the IRS to the DOJ on a disk on March 23, 2005, and counsel for Defendant sent the disk to counsel for Plaintiffs on March 30, 2005. The disk contained approximately 500 documents. The Government intended to examine Mr. DiMuzio at his deposition using 63 of these documents.

Discussion

Alleged Violations of Section 6103

BDO and Mr. DiMuzio argue that Defendant violated Section 6103 in two respects: 1) IRS’ disclosure of BDO “return information” to DOJ; and 2) DOJ’s disclosure of BDO “return information” to Plaintiffs and the witness.
With respect to the alleged improper IRS disclosure, BDO argues:
Even if the Section 6103(h)(3) procedures had been followed, Section 6103(h)(2) itself only permits disclosure of return information in narrowly tailored circumstances. The only provision potentially applicable to Defendant’s receipt of the BDO Documents from the IRS is Section 6108(h)(2)(C)....
Section 6103(h)(2)(C) provides that disclosure of a return or return information may be made to the Department of Justice for preparation for any proceeding before any Federal or State court, but only if “such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.”
In order for any of the BDO Documents to be disclosable pursuant to Section 6103(h)(2)(C), the return information pertaining to the transaction between BDO and Jade Trading and/or the Ervins must potentially affect the resolution of an issue of the tax liability of Jade Trading and/or the Ervins.
BDO Seidman, LLP’s and David DiMuzio’s Motion For a Protective Order (BDO’s Mot.) at 8, 9 (emphasis in original).
Based upon those alleged violations of Section 6103, BDO initially urged the Court to bar these documents from use during Mr. DiMuzio’s deposition and de facto exclude them from evidence — a position which BDO abandoned after briefing.[4]
While Defendant does not dispute that the documents produced by BDO to the IRS constitute “return information” of BDO that are subject to the general prohibition *642 against disclosure in Section 6103, Defendant nonetheless vigorously disputes BDO’s objection.[5] First, Defendant asserts that the documents are properly in its possession and were properly disclosed by the IRS because the IRS made a determination pursuant to an exception in Section 6103(h)(2), which sets forth limited circumstances where otherwise confidential “return information” may be disclosed.[6] Contrary to BDO’s argument, Defendant believes there is a sufficient relationship between the BDO “return information” and the Ervins’ transactions to justify disclosure by the IRS. Second, Defendant argues that this Court lacks jurisdiction to monitor the IRS’ or the DOJ’s compliance with Section 6103 because no statute requires exclusion of evidence obtained in violation of Section 6103. Rather, a separate statutory provision, 26 U.S.C. § 7431[7], contains a specific remedy for violations of Section 6103 — an action for civil damages in a district court of the United States.
While BDO may consider pursuing these remedies in district court, it contends that the BDO documents were improperly disclosed here in violation of Section 6103 and requests a protective order from this Court preventing further disclosure of BDO’s information. Although Defendant argued that the Court would lack jurisdiction to bar these documents from use at the deposition as a remedy for any Section 6103 violation, Defendant submits that the Court can issue a protective order preventing further disclosure of the documents incident to its authority to manage its docket and issue orders governing discovery. Plaintiffs and BDO agree. Defendant consented to a protective order covering these documents for discovery purposes only, preserving its right to seek to unseal the documents for use at trial.

Sanctions

Defendant contends that the Court should sanction BDO and Plaintiffs for raising a frivolous objection to the use of the documents the DOJ obtained from the IRS during Mr. DiMuzio’s deposition, and for instructing the witness not to answer questions derived from those documents until it could brief whether the documents were properly excluded. This resulted in a continuation of Mr. DiMuzio’s deposition, which was to have *643 been completed in Michigan in a single day, and associated increased costs.
A frivolous position is one which has no basis in law or fact. E.g., Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (“a complaint ... is frivolous where it lacks an arguable basis either in law or in fact.”); In re George, 298 F.3d 1160, 1164 (9th Cir.2002) (a suit is frivolous if the arguments are wholly without merit); Grove Fresh Distrib., Inc. v. John Labatt, Ltd,., 299 F.3d 635, 642 (7th Cir.2002); Vion Corp. v. United States, 906 F.2d 1564, 1566 (Fed.Cir.1990) (defining frivolous in various contexts as “meritless,” lacking even an arguable basis in law, or “legally unreasonable or without factual foundation”) (citation omitted); Bittner v. Sadoff & Rudoy Indus., 728 F.2d 820, 828 (7th Cir.1984) (“[a] frivolous suit ... is a suit so completely without hope of succeeding that the court can infer that the plaintiff brought it to harass the defendant rather than to obtain a favorable judgment”) (citation omitted).
All parties admit that the BDO documents at issue are “return information” within the meaning of Section 6103 — information which under that statute “shall be confidential” unless an exception applies. BDO was caught off guard at the deposition since its counsel had not been advised that Defendant intended to use the BDO documents the DOJ obtained from the IRS on March 23, 2005, at the deposition. Under the circumstances, counsel for BDO’s request that the Court bar the use of the documents during the deposition and brief that issue was not wholly without legal or factual basis. At the time of the deposition, counsel was apparently unaware of precedent holding that even if Section 6103 were violated, the offending documents would not properly be excluded.[8]
Rule 37(b) provides discovery sanctions “designed to discourage delay, waste of resources, and dilatory practices----” Morris v. United States, 37 Fed.Cl. 207, 212-13 (1997) (citation omitted); see also ThorntonTrump v. United States, 12 Cl.Ct. 127, 132 (1987) (“The purpose of sanctions is not only to compensate innocent parties for the discovery abuses of opponents. Its primary function is to deter the offending party — and, by that example, all other litigants — from violating the rules in the future.”). While BDO’s tack resulted in a continuation of Mr. DiMuzio’s deposition and increased costs, the Court cannot conclude that BDO’s objection seeking to prevent use of its documents was interposed solely for delay. Rather, BDO had a strong countervailing interest in protecting information it deemed confidential under Section 6103. Therefore, BDO was not engaging in discovery abuse or violating the rules by attempting to protect what counsel reasonably believed to be his client’s rights of confidentiality under Section 6103. As such, BDO’s objection does not warrant the imposition of sanctions.

Conclusion

1) BDO’s and Plaintiffs’ objections and instructions to the witness not to answer questions derived from the BDO “return information” are overruled.
2) The parties’ consent motion for a Protective Order is granted to maintain the confidentiality of BDO’s “return information” for purposes of remaining discovery. However, Defendant may move to unseal these documents for use at trial.
3) The parties are directed to continue Mr. DiMuzio’s deposition forthwith using the challenged documents.
4) Defendant’s motion for sanctions is denied.
The Clerk of the Court is directed to serve a copy of this order on counsel for the subpoenaed entity, BDO:
*644 Ellis L. Reemer PIPER RUDNICK, LLP
1251 Avenue of the Americas
New York, N.Y. 10020

. The Court directed Defendant to file any IRS determination justifying its release of the documents to DOJ as well as a declaration from the IRS explaining the disclosure. In response, Defendant filed a letter dated Mar. 23, 2005, from the IRS to the DOJ, transmitting the subject documents characterized as "a disk of materials from the promoter audit of [BDO], all of which materials are generic in nature;” a letter from the DOJ transmitting the disk to Plaintiffs’ counsel dated Mar. 30, 2005; and the Gray Decl.

. Although BDO had asked the Court to bar Defendant’s use of these documents altogether during Mr. DiMuzio's deposition, it now seeks only a Protective Order placing the documents and related testimony under seal.

. The background is derived from the papers filed in conjunction with the instant motion.

. In their Reply to Defendant’s Opposition, BDO and Mr. DiMuzio state that they do not now seek to bar the use of the disputed documents. However, during the deposition, this was precisely the relief BDO and Mr. DiMuzio sought. BDO’s and Plaintiffs’ counsel instructed the witness not to answer questions derived from Section 6103 documents and requested the Court to order Defendant not to use those documents until they had an opportunity to brief the matter. See, Tr. DiMuzio Depo. at 210; Plaintiffs’ Response at 1, 2.

. Section 6103(b)(2)(A) defines "return information” to include "any [] data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense." As BDO’s information was provided to the IRS in response to summonses served in connection with BDO's audit, it falls within this definition.

. Section 6103(h)(2) in relevant part provides:
(h) Disclosure to certain Federal officers and employees for purposes of tax administration, etc.—
(2) Department of Justice. — In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—
(A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer’s civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;
(B) the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or
(C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

. Section 7431 Civil damages for unauthorized inspection or disclosure of return and return information provides:
(a) In general.—
(1) Inspection or disclosure by employee of United States. — If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
That provision goes on to define exceptions from liability and to prescribe the quantum of damages a district court may impose. 26 U.S.C. §§ 7431(b) and (c).

. The Courts of Appeals which have considered potential remedies for violations of Section 6103 have refused to exclude evidence obtained in violation of Section 6103. These courts have held that the appropriate remedy for violations of Section 6103 are explicitly set forth in 26 U.S.C. 7431,which provides for actions for damages in district court. See United States v. Orlando, 281 F.3d 586, 596 (6th Cir.2002) ("Congress has provided civil and criminal remedies for violations of § 6103, but no statutory provision requires the exclusion of evidence so obtained”); Nowicki v. Comm'r of Internal Revenue, 262 F.3d 1162, 1163 (11th Cir.2001).