824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PREEMPTION DEVICES, INC., Appellant,
v.
MINNESOTA MINING & MANUFACTURING COMPANY, Appellee.
 Appeal No. 87-1069.
 United States Court of Appeals, Federal Circuit.
 April 20, 1987.
 
 Before RICH, DAVIS and SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Preemption Devices, Inc. (Preemption), appeals from the order of the United States District Court for the Eastern District of Pennsylvania, filed October 24, 1986, which order found infringement of patent No. RE 28,100 (the Long patent) by Preemption and held appellant in contempt. We affirm.
 
 OPINION
 
 2
 This case arose out of contempt proceedings against Preemption for violation of a permanent injunction issued after the district court previously had found claims 1, 3-7, and 9-10 of the Long patent not invalid and willfully infringed by Preemption. Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co., 559 F.Supp. 1250, 218 USPQ 245 (E.D.Pa.1983), aff'd, 732 F.2d 903, 221 USPQ 841 (Fed.Cir.1984). The district court found that Preemption had violated the injunction and held Preemption in contempt. Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co., 630 F.Supp. 463, 229 USPQ 255 (E.D.Pa.1985). The case was appealed to this court, which affirmed-in-part, vacated-in-part, and remanded to the district court. Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co., 803 F.2d 1170, 231 USPQ 297 (Fed.Cir.1986). The remand was necessary because the district court had applied an improper standard in determining infringement by devices which had not been considered during the original decision on validity. The district court was directed to make findings as to whether the new devices infringed the claims of the Long patent. On remand, the district court found that the devices literally infringed the claims of the Long patent and reinstated its judgment of contempt.
 
 
 3
 Preemption appeals the district court's finding of infringement by the new devices. It claims that the district court did not follow the mandate of this court on remand. We have studied the district court's order filed October 24, 1986, and we conclude that the district court complied with our directions on remand. Therefore, we affirm the judgment of the district court.