[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13417

_____

D.C. Docket No. 1:11-cr-00060-ODE-RGV-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE REYES,
a.k.a. Tulile,
JOHANN BRITO,
a.k.a. Pi,
ALBERT ESPINAL,
a.k.a. Remy,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(January 5, 2015)

Before WILSON and ROSENBAUM, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

In this multi-defendant criminal appeal, Defendants-Appellants Jose Reyes, Albert Espinal, and Johann Brito appeal their convictions and sentences for various robbery, drug, and firearm-related offenses. Collectively, Appellants raise more than twenty issues in this appeal. We find that only one issue—Appellants' claim that the trial judge failed to swear the jury—warrants any discussion.

## I. BACKGROUND

Trial in this case began on February 13, 2012. After more than a day of jury selection, the district court empaneled a jury and Appellants made opening statements on February 14, 2012. The trial lasted more than two weeks, eventually concluding on March 1, 2012, when the jury returned guilty verdicts against all three Appellants. After trial, the district court sentenced Appellants to terms of imprisonment varying from 240 to 840 months. Appellants timely appealed. On November 5, 2012, the trial court reporter filed official transcripts of the trial and sentencing proceedings. Shortly thereafter, on November 26, 2012, the district court clerk filed a certificate of readiness of record on appeal.

---

[*] Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

On December 30, 2013, more than a year later, Espinal filed his initial brief in this court, arguing, *inter alia*, that the jury had never been sworn by the trial court. Espinal asserted that this defect rendered the entire trial a nullity. In support of this argument, and attached to his initial brief, Espinal filed (1) affidavits from himself and Brito swearing that, based on their review of the trial transcript and minute sheet entries, the district court did not swear the jury, (2) the minute sheet entry from February 14, 2012, which does not show that the jury was sworn, and (3) an affidavit from Espinal's trial counsel swearing that, upon his review of the transcript, it is clear to him that the trial jury was never sworn. Appellants Brito and Reyes subsequently adopted this enumeration of error.

On February 20, 2014, after Espinal filed his initial brief, the district judge issued an order of certification pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B), certifying as true and accurate a supplemental transcript of the proceedings of February 14, 2012. The certification order stated that correction of the transcript was warranted based on the discovered omission in the original transcript of the swearing of the jury. The district court stated that the court reporter's stenographic notes reflected that the jury was, in fact, sworn after it had been empaneled and before opening statements, but that indication of administration of the oath was inadvertently omitted from the official record. The court certified that the oath administration is properly reflected in the supplemental

3

transcript. The district court's order also reflects that it had been prepared by counsel for the government.

On March 19, 2014, the government filed its response brief in this appeal, arguing that, notwithstanding that the original certified record failed to reflect that the jury had been sworn, the corrected supplemental transcript showed that the district judge did administer the jury oath. The government attached an affidavit to its response brief from the trial court reporter who swore that his stenographic notes "clearly contain [his] notation that [the district judge] requested that the Courtroom Deputy swear the jury and that the oath was administered to the jury shortly after it was empaneled and before opening statements." The court reporter further swore that in comparing his stenographic notes to the transcript he prepared from the February 14, 2012, court proceedings, he discovered that any mention of the jury being sworn was inadvertently omitted from the record. The court reporter stated that he prepared a corrected transcript, which he then submitted to the district court for certification.

## II. ANALYSIS

The government argues that the jury oath administration issue is moot because the court reporter merely overlooked his notation that the jury was sworn and, upon discovery, the district court certified a corrected transcript which reflected that the court swore the jury. By way of reply, Appellants do not concede

that the issue is moot. Instead, Appellants take issue with the certified corrected transcript in that the district judge supplemented the record (1) after the record had been certified as true and correct in this Court, (2) after Appellants filed their initial briefs, (3) *ex parte* with counsel for the government, (4) without any open and public hearing, (5) without notice to Appellants, and (6) while this Court retained jurisdiction over the case. Relying on the former Fifth Circuit's opinion in *United States v. Selva*, 546 F.2d 1173 (5th Cir. 1977),[1] Appellants argue that remand to the district court for an evidentiary hearing on the issue is appropriate. Appellants further argue that the district court and counsel for the government should be disqualified from the case upon remand, and that a special master should be appointed to conduct the evidentiary hearing.

Federal Rule of Appellate Procedure 10(e)(2) states:

If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

> (A) on stipulation of the parties;
> (B) by the district court before or after the record has been forwarded; or
> (C) by the court of appeals.

Rule 10(e) specifically permits a district court to correct an accidental omission in the record after the record has been forwarded to the appellate court.

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Fed. R. App. P. 10(e)(2); *see also United States v. Mori*, 444 F.2d 240, 246 (5th Cir. 1971) ("Under Rule 10(e) it is clear that the district court may consider a motion to correct the record even after appeal has been taken."). Moreover, the Rule does not, in itself, require an evidentiary hearing to correct such an omission. While there have been instances when this Court has remanded a case to the district court so that it could "conduct an appropriate hearing . . . for the purpose of supplementing the record, if possible, to disclose what transpired during the . . . trial," *see, e.g., Selva*, 546 F.2d at 1174, those cases involved a remand so that the district court could "attempt to reconstruct the record," *see id.*

Here, there is nothing in the record to reconstruct. The court reporter provided a sworn statement that he recorded the jury being sworn, but inadvertently omitted this information from the official transcript. The district court thereafter certified the supplemental transcript based on this inadvertent omission. As certified by the district court, the oath administration is properly reflected in the supplemental transcript. *See Mori*, 444 F.2d at 246 ("The trial judge ordered the record corrected pursuant to his recollection of the events at issue, and that determination, absent a showing of intentional falsification or plain unreasonableness, is conclusive . . . . Since defendant has not effectively challenged the conclusions reached by the trial court, we must read the record [as determined by the trial court]."). Therefore, inasmuch as Appellants argue that the

district court erred in failing to hold an evidentiary hearing, the district court did not abuse its discretion. *See United States v. Brown*, 441 F.3d 1330, 1373 (11th Cir. 2006) (evaluating district court's failure to hold an evidentiary hearing in evaluating a Rule 10(e) motion for an abuse of discretion); *cf. United States v. Pagan-Ferrer*, 736 F.3d 573, 582 (1st Cir. 2013) (stating that Rule 10(e) "requires that the district court settle the matter, not that it hold an evidentiary hearing"); *Mori*, 444 F.2d at 246 (noting that there was no need for a full evidentiary hearing on Rule 10(e) motion).

With respect to Appellants' argument that they were not given proper notice or an opportunity to respond to the correction of the record, such notice and an opportunity to respond does not apply to the district court's correction of the record on its own motion based on an inadvertent omission. Rather, Appellants would be given that opportunity if (1) the record was reconstructed by a party, or (2) a dispute between the parties regarding the record was submitted to the court by one of the parties. *Compare* Fed. R. App. P. 10(c) (allowing party to respond to statement of evidence that has been reconstructed), *and* Fed. R. App. P. 10(e)(1) (discussing disputes regarding the record being "submitted to and settled by" the court), *with* Fed. R. App. P. 10(e)(2)(B) (allowing the district court to correct error omitted by error or accident).

Finally, to the extent Appellants challenge the Rule 10(e) order on the ground that it was *ex parte*, the only basis for doing so appears to be that the district court requested the government to draft a proposed Rule 10(e) order addressing the court reporter's disclosure. Although we have "repeatedly condemned the ghostwriting of judicial orders by litigants," particularly after an *ex parte* communication between the court and one party, we have also explained that we will vacate such orders "only if a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair." *In re Colony Sq. Co.*, 819 F.2d 272, 274-76 (11th Cir. 1987). On this record, we do not find that Appellants have satisfied this burden. The district court relied entirely on its court reporter's sworn affidavit in its order certifying the corrected transcript. The court reporter's affidavit, in turn, certified that the court reporter's detailed notes of the trial "contain[ed] [his] notation that [the district judge] requested that the Courtroom Deputy swear the jury and that the oath was administered to the jury shortly after it was empaneled and before opening statements." The court reporter has no interest in the proceedings other than to serve the court. He is not paid by nor does he share any other interest with any party before the court. Appellants have presented no evidence at all to suggest that the district court's reliance on its own court reporter's sworn affidavit to certify the record was somehow fundamentally unfair. Under these circumstances, we find no reversible error.

8

### III. CONCLUSION

The district court did not abuse its discretion in modifying the record under Rule 10(e) or in failing to hold an evidentiary hearing on the jury oath issue. Accordingly, remand is not necessary and Appellants' request for disqualification of the district court and government counsel on remand is moot. We find no merit to the remaining arguments Appellants raise in this appeal.

**AFFIRMED.**