CANVS CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 10–540 C.

United States Court of Federal Claims.

April 23, 2012.

Joseph J. Zito, Washington, DC for plaintiff.

John A. Hudalla, with whom were Stuart F. Delery, Acting Assistant Attorney General, John Fargo, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Lindsay K. Eastman, United States Department of Justice, of counsel.

## ORDER

HEWITT, Chief Judge.

### I. Background

This is a patent case under 28 U.S.C. § 1498(a) in which plaintiff seeks reasonable and entire compensation for the alleged unauthorized use and manufacture by or for the United States of several military night vision systems. Compl. for Patent Infringement (Compl.), Docket Number (Dkt. No.) 1, at 1–2. "Defendant has denied infringement and has pleaded several affirmative defenses, including its contention that the claims of the patent-in-suit are invalid in view of the prior art." Def.'s Mot. to Compel Compliance with the Court's Scheduling Order (Def.'s 3d Mot.), Dkt. No. 22, at 2. The parties are presently engaged in preparing for a claim construction hearing currently scheduled for December 2012. See Order of Oct. 14, 2011, Dkt. No. 18, at 2.

Defendant has filed three motions to compel in this case, two pursuant to Rule 37(a) of the Rules of the United States Court of Federal Claims (RCFC) relating to discovery, see Def.'s Mot. to Compel Disc. (Def.'s 1st Mot.), Dkt. No. 14; Def.'s Second Mot. to Compel Disc. (Def.'s 2d Mot.), Dkt. No. 19, and one pursuant to RCFC 16 relating to failures to comply with the court's scheduling orders, see Def.'s 3d Mot. After granting defendant's third motion to compel, Order of Apr. 13, 2012, Dkt. No. 23, at 1, the court convened a telephonic status conference

(TSC) [1] with the parties to consider whether sanctions should be imposed upon plaintiff's counsel for repeated failures to comply with the court's rules and orders,[2] *see id.* at 2. A description of late filings by plaintiff's counsel follows.

### A. First Motion to Compel

Defendant filed its first motion to compel on August 11, 2011. Def.'s 1st Mot. 6. Defendant alleged that, on March 25, 2011 it served plaintiff with sets of interrogatories and requests for production and that, as of August 11, 2011, plaintiff had not provided the requested information or documents. *Id.* at 2–3. The interrogatory answers were due within thirty days (April 25, 2011) under RCFC 33(b)(2) and document production was also due on April 25, 2011 under RCFC 34(b)(2)(A). *See* RCFC 33(b)(2), 34(b)(2)(A); *see also* RCFC 6(a)(1) (providing for the computation of time). Prior to seeking the court's involvement, defendant sent plaintiff a reminder letter on July 12, 2011 and three e-mails on July 22, July 29 and August 8, 2011. Def.'s 1st Mot. 3. Plaintiff did not respond. *Id.* Plaintiff's response to defendant's first motion to compel was due by August 29, 2011. *See* RCFC 7.2(a)(1); *see also* RCFC 6(d) (providing for three additional days to comply where electronic service is made), 5(b)(2)(E) (providing for service by electronic means), 6(a)(1) (providing for the computation of time). Plaintiff did not respond. *See* Order of Sept. 14, 2011, Dkt. No. 16, at 2. The court granted defendant's first motion to compel on September 14, 2011 and ordered plaintiff to provide its responses by September 30, 2011. *Id.* Defendant represented in a later motion that plaintiff did not comply with the court's September 14, 2011 order because it did not provide interrogatory responses until October 4, 2011. *See* Def.'s 2d Mot. 2, 2 n.1.

### B. Second Motion to Compel

Defendant filed its second motion to compel on March 22, 2012. *Id.* at 7. Defendant

alleged that plaintiff failed timely to respond to its November 18, 2011 request for production and copying of documents designated after defendant's document inspection. *Id.* at 2. Defendant sent reminders regarding production of documents to plaintiff on December 1 and 14, 2011 and on March 6 and 19, 2012, but—as of March 22, 2012—plaintiff had not provided the documents. *Id.*

Defendant also identified inadequacies in plaintiff's responses to defendant's interrogatories. *Id.* at 3. In particular, defendant noted that plaintiff provided time lines that were partially illegible because of an opaque watermark in plaintiff's answers to five interrogatories, and that plaintiff had failed to disclose information identifying any nondisclosure agreements in response to defendant's second interrogatory. *Id.* Defendant also objected to plaintiff's answers to interrogatories numbered 6 and 7, which sought "dates of conception and reduction to practice for each claim of the patent-in-suit and an identification of evidence that support[ed] the given date." *Id.* (emphasis omitted). Plaintiff's answer referred defendant to time lines contained in an attachment to plaintiff's answer, but the timelines did not contain information regarding the dates of conception and reduction to practice with respect to each claim and did not identify corroborating evidence. *Id.* at 4.

The court granted-in-part defendant's second motion to compel on March 22, 2012, ordering plaintiff to provide legible time lines and to respond to the remaining contentions in defendant's second motion to compel on or before March 29, 2012. Order of Mar. 22, 2012, Dkt. No. 20, at 1–2. Plaintiff did not respond on March 29, and the court granted the remaining portions of defendant's second motion to compel on April 9, 2012. Order of Apr. 9, 2012, Dkt. No. 21, at 1–2. The court ordered plaintiff to respond more fully to certain of defendant's interrogatories and to

---

1. The telephonic status conference (TSC) held on Wednesday, April 18, 2012 was recorded by the court's Electronic Digital Recording (EDR) system. The times noted in citations to the TSC refer to the EDR record of the TSC.

2. The court also provided plaintiff an opportunity to submit written briefing to support its oral submission by telephone. *See* Order of Apr. 13, 2012, Docket Number (Dkt. No.) 23, at 2. Plaintiff did not file a written submission.

copy and produce, on or before April 23, 2012, the documents designated by defendant in November 2011. *Id.* at 2.

### C. Third Motion to Compel

Defendant filed its third motion to compel on April 13, 2012. Def.'s 3d Mot. 5. Defendant alleged that "plaintiff has routinely failed to meet the [c]ourt's deadlines" set forth in the court's scheduling orders. *Id.* at 2. In particular, defendant noted that: (1) Rule 26 initial disclosures were due on March 29, 2011, but plaintiff did not serve them until April 5, 2011; (2) the initial disclosure of asserted claims was due on April 1, 2011, but plaintiff did not serve it until April 15, 2011; and (3) the revised disclosure of asserted claims was due on February 17, 2012, but plaintiff did not serve it until March 5, 2012. *Id.; cf.* Order of Mar. 25, 2011, Dkt. No 12, at 1 (providing deadlines for Rule 26 initial disclosures and initial disclosure of asserted claims); Order of Oct. 14, 2011, Dkt. No. 18, at 1 (providing deadline for the revised disclosure of asserted claims). Defendant also asserted that the parties were ex-

pected to exchange papers disclosing a list of proposed claim terms for the court to construe and to disclose any claim construction expert witnesses by April 10, 2012. Def.'s 3d Mot. 3; cf. Order of Oct. 14, 2011 at 1. As of the time defendant filed its third motion to compel, April 13, 2012, plaintiff had not served its proposed claim terms for construction or its expert identification. Def.'s 3d Mot. 3. Defendant sent plaintiff a reminder e-mail on April 11, 2012. *Id.* Plaintiff did not respond. *Id.*

The court granted defendant's third motion on April 13, 2012, ordering plaintiff to provide its proposed claim terms for construction and expert identification to defendant on or before April 27, 2012 and moving the parties' date to meet and confer from April 24, 2012 to May 11, 2012. Order of Apr. 13, 2012 at 1–2.

In sum, it appears that plaintiff has missed eleven deadlines set by the court's orders or the RCFC related to discovery, non-discovery disclosures and productions, and general responsive briefing deadlines.[3]

**3.** The missed deadlines appear in the following chart:

| Event | Source of Deadline | Deadline | Actual Service or Compliance Date |
|---|---|---|---|
| Interrogatory answers | Rules of the United States Court of Federal Claims (RFCF) 33(b)(2) | April 25, 2011 | None |
| | Order of Sept. 14, 2011, Dkt. No. 16 | September 30, 2011 | October 4, 2011 |
| Response to March 25, 2011 request for production | RCFC 34(b)(2)(A) | April 25, 2011 | September 10, 2011 |
| Response to defendant's 1st motion | RCFC 7.2(a)(1), 6(d), 5(b)(2)(E) | August 29, 2011 | None |
| Response to November 18, 2011 request for production | RCFC 34(b)(2)(A) | December 19, 2011 | Pending |
| Response to defendant's 2d motion | Order of Mar. 22, 2012, Dkt. No. 20 | March 29, 2012 | None |
| Rule 26 initial disclosures | Order of Mar. 25, 2011, Dkt. No 12, at 1 n.1 | March 29, 2011 | April 5, 2011 |
| Initial disclosure of asserted claims | Order of Mar. 25, 2011 | April 1, 2011 | April 15, 2011 |
| Revised disclosure of asserted claims | Order of Oct. 14, 2011, Dkt. No. 18 | February 17, 2012 | March 5, 2012 |

## II. Legal Standards

### A. Sanctions for Failure to Comply with Court Orders

Several sources of authority permit the court to sanction a party or its attorney for failing to comply with the court's orders. RCFC 16(f) is one such source, which provides:

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by RCFC 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

. . . .

. . . .

(C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

RCFC 16(f). Under Rule 16(f), the court has discretion to select an appropriate sanction from among a wide range of options, *see* 3 James Wm. Moore et al., *Moore's Federal Practice* § 16.15[2] (3d ed. 2004), including reasonable expenses incurred because of any noncompliance, as well as any sanction prescribed in RCFC 37(b)(2)(A)(ii)–(vii). *See* RCFC 16(f). The sanctions prescribed in RCFC 37(b)(2)(A) include:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

RCFC 37(b)(2)(A)(ii)–(vii).

Attorneys have been sanctioned in the United States Court of Federal Claims pursuant to RCFC 16(f) for failure to comply with the court's orders. *See, e.g., Pyramid Real Estate Services, LLC v. United States (Pyramid),* 95 Fed.Cl. 613, 626 (2010) (sanctioning plaintiff's attorney pursuant to RCFC 16(f) for violating the court's protective order); *Pac. Gas & Elec. Co. v. United States (PG & E ),* 82 Fed.Cl. 474, 487–88 (2008) (sanctioning plaintiff's attorney pursuant to RCFC 16(f) for violating the court's protective order). The United States Court of Appeals for the Federal Circuit has also affirmed decisions of the United States district courts sanctioning attorneys for failure to comply with the courts' rules or orders regarding deadlines. *See, e.g. Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.,* 109 F.3d 739, 744–45 (Fed.Cir.1997) (affirming district court's exclusion of untimely expert testimony for failure to comply with a scheduling order); *Baldwin Hardware Corp. v. FrankSu Enter. Corp.,* 78 F.3d 550, 560 (Fed.Cir.1996) (affirming district court's assessment of attorney's fees and costs against defendant where defendant failed to comply with local rules in filing an *ex parte* application for an extension of time to oppose plaintiff's summary judgment motion after the opposition deadline had run).

### B. Sanctions for Failures to Make Disclosures or Cooperate in Discovery [4]

"To combat the abuse of the discovery process, RCFC 37(b) provides a wide

| Proposed claim terms for construction | Order of Oct. 14, 2011 | April 10, 2012 | Pending |
| --- | --- | --- | --- |
| Claim construction expert witness disclosure | Order of Oct. 14, 2011 | April 10, 2012 | Pending |

---

**4.** The court notes that sanctions are also available for a party's failure to answer interrogatories. *See* RCFC 37(d)(1)(A)(ii). However, the rule contemplates that "[t]he court may, *on mo-*

spectrum of discovery sanctions 'designed to discourage delay, waste of resources, and dilatory practices in favor of full disclosure of relevant information prior to trial.'" *Morris v. United States,* 37 Fed.Cl. 207, 212–13 (1997) (quoting *Applegate v. United States,* 35 Fed.Cl. 47, 56 (1996)). "A rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved." 7 James Wm. Moore et al., *Moore's Federal Practice* § 37.23[1] (3d ed. 2004).

In particular, RCFC 37(a)(5) provides that if a motion to compel disclosure or a discovery response (such as a request for production or inspection) is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." RCFC 37(a)(5)(A); *see also* 7 James Wm. Moore et al. § 37.23[1]. However, the court must not order payment under the following circumstances:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii) other circumstances make an award of expenses unjust.

RCFC 37(a)(5)(A)(i)–(iii). The court has previously considered whether expense shifting under RCFC 37(a)(5)(A) was appropriate where motions to compel were granted. *See, e.g., Estate of Rubinstein v. United States,* 96 Fed.Cl. 640, 657 (2011) (permitting the plaintiff an opportunity to be heard before awarding expenses to defendant under RCFC 37(a)(5)(A)); *Jicarilla Apache Nation v. United States,* 88 Fed.Cl. 1, 21 (2009) (declining to order payment of reasonable expenses pursuant to RCFC 37(a)(5) where neither party fully prevailed).

*tion,* order sanctions." RCFC 37(d)(1)(A) (emphasis added). Because defendant has not moved for sanctions, the court considers only the

## C. The Court's Inherent Authority to Ensure Compliance with Its Orders

The court also has "inherent authority to protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities." *Degen v. United States,* 517 U.S. 820, 823, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). "Principles of deference counsel restraint in resorting to inherent power and require its use to be a reasonable response to the problems and needs that provoke it." *Degen,* 517 U.S. at 823–24, 116 S.Ct. 1777 (internal citation omitted). "An appropriate sanction is one that acts as a direct response to the harm that the attorney's conduct has caused." *PG & E,* 82 Fed.Cl. at 480 (citing *Barnes v. Dalton,* 158 F.3d 1212, 1215 (11th Cir.1998)).

## III. Discussion

### A. Circumstances Make the Award of Expenses Unjust with Respect to Defendant's Third Motion to Compel

Because plaintiff's counsel has repeatedly failed to comply with the deadlines set in the court's scheduling orders, *see supra* note 3, the court would be within its discretion to impose sanctions under RCFC 16(f), which presumes that the court will require the noncompliant party to pay reasonable costs, stating, "the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." RCFC 16(f)(2) (emphasis added).

expense shifting provisions associated with plaintiff's failures timely to respond to requests for production.

■ During the TSC, in response to a question from the court about the circumstances surrounding his noncompliance, plaintiff's counsel stated that his father was admitted to the hospital on April 5, 2012 and passed away on April 11, 2012. TSC of Apr. 18, 2012, Statement of Mr. Joseph Zito, at 3:05:53–58. The court finds that this circumstance would make the award of expenses incurred in filing defendant's third motion to compel unjust. Defendant's third motion to compel sought compliance with the April 10, 2012 deadline for disclosure of claim construction experts and for exchanging proposed terms for claim construction set forth in the court's Order of October 14, 2011. *See* Def.'s 3d Mot. 3. Because of the close proximity in time between the death of counsel's father and the missed deadline, the court determines that an award of expenses with respect to defendant's third motion would be unjust.

B. Plaintiff's Attorney Must Pay Defendant's Reasonable Expenses Incurred in Filing Its First and Second Motions to Compel

Defendant served plaintiff with requests for production on March 25, 2011. Def.'s 1st Mot. 2. Although a response was required by April 25, 2011, as of August 11, 2011 plaintiff had not provided the requested documents. Def.'s 1st Mot. 2–3; *see also* RCFC 34(b)(2)(A) (providing that a party must respond to a request for production within thirty days). Defendant's first motion to compel was granted on September 14, 2011. Order of Sept. 14, 2011 at 2. Plaintiff also failed timely to respond to defendant's November 18, 2011 request for production and copying of documents designated after defendant's document inspection. Def.'s 2d Mot. 2. A response was due by December 19, 2011, *see* RCFC 34(b)(2)(A), but, despite repeated reminders by defendant, as of March 22, 2012 plaintiff had not provided the docu-

ments, Def.'s 2d Mot. 2. Defendant's motion to compel with respect to its second request for production was granted on April 9, 2012. Order of Apr. 9, 2012 at 1–2.

■ None of the circumstances enumerated in RCFC 37(a)(5)(A)(i)–(iii) applies. *See supra* Part II.B (discussing RCFC 37(a)(5)(A)(i)–(iii)). With respect to both motions to compel, defendant certified that it had in good faith attempted to confer with plaintiff's counsel before involving the court, which is corroborated by e-mails attached as exhibits to defendant's motions. Def.'s 1st Mot. 1, Ex. C; Def.'s 2d Mot. 1, Ex. C; *cf.* RCFC 37(a)(5)(A)(i). During the TSC, plaintiff's counsel stated that he had no good reason for having missed the discovery deadlines that were the subject of defendant's first and second motions to compel. *See* TSC of Apr. 18, 2012, Statement of Mr. Joseph Zito, at 3:05:13–17. That acknowledgement requires a finding that plaintiff's failure to answer was not substantially justified. *See* RCFC 37(a)(5)(A)(ii). Plaintiff's counsel indicated that he fell behind, TSC of Apr. 18, 2012, Statement of Mr. Joseph Zito, at 3:05:03–13, and was "over-worked and under-staffed," *id.* at 3:06:04–11. The court finds that these are not circumstances that would render unjust an award of expenses incurred by defendant in filing its first and second motions to compel under RCFC 37(a)(5)(A)(iii).

■ Plaintiff's failure to meet the discovery deadlines imposed by the court's rules has required counsel for the United States to file two separate motions to compel. *See generally* Def.'s 1st Mot.; Def.'s 2d Mot. In such a case, particularly where the rules require the court to order the noncompliant party to pay the movant's reasonable expenses incurred in connection with filing motions to compel, the court finds this to be a fair and appropriate sanction proportional to the misconduct in question.[5]

---

5. Other more stringent sanctions such as dismissing the action or treating the failure as contempt of court do not appear to be warranted at this time. As the court noted in *Pyramid Real Estate Services, LLC (Pyramid)*, "Civil contempt has long been recognized to be a severe remedy," and the court need not go so far where the

conduct at issue can be properly sanctioned under RCFC 16(f). *Pyramid*, 95 Fed.Cl. 613, 624 (2010) (internal quotation marks omitted). Courts have also noted with respect to dismissal that "[d]ismissal ... is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Dahl v. City of Huntington*

IV. Conclusion

Although the court has not found plaintiff's repeated disregard for its rules and orders sufficiently egregious to warrant dismissal of the action or a citation for contempt, plaintiff's disregard is not harmless. The court's authority is harmed by a violation of its rules and orders; the government has been required to expend resources bringing multiple motions to compel compliance; and the court has expended judicial resources examining and deciding the resulting motions.

Pursuant to RCFC 37(a)(5)(A) and the court's inherent authority to sanction violations of its orders, counsel for CANVS Corporation is hereby ordered to pay the reasonable expenses, including attorney's fees, incurred by defendant in filing defendant's first and second motions to compel discovery.

Because counsel for CANVS, not his client, was responsible for the untimely discovery exchanges, counsel for CANVS is to pay the sanctions himself rather than passing the sanctions on to his client. *See PG & E*, 82 Fed.Cl. at 487 n. 12; *Pyramid*, 95 Fed.Cl. at 626. The value of the attorney's fees will be measured by the reasonable number of hours worked multiplied by the prevailing market rates, that is "'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *PG & E*, 82 Fed.Cl. at 487–88 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)); *see also Multiservice Joint Venture, LLC v. United States*, 374 Fed.Appx. 963, 966 (Fed. Cir.2010) (per curiam) (unpublished) (citing, inter alia, *PG & E*, 82 Fed.Cl. at 487–88).

The government shall file with the court a bill of its costs, expenses and attorney's fees associated with preparing and filing its first and second motions to compel, together with any necessary explanation or supporting documentation thereof, on or before Friday, May 4, 2012 at 5:00 p.m. Eastern Daylight Time.[6] Following a determination of such

*Beach*, 84 F.3d 363, 366 (9th Cir.1996) (internal quotation marks omitted).

**6.** Such documentation must be "in sufficient detail that a neutral judge can make a fair evalua-

costs and fees, the court will enter an appropriate order in this matter.

IT IS SO ORDERED.

tion of the time expended, the nature and the need for the service, and the reasonable fee to be allowed." *Pyramid*, 95 Fed.Cl. at 626 n. 23 (internal quotation marks omitted).