**CANVS CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 10–540 C.

United States Court of Federal Claims.

July 23, 2012.

Joseph J. Zito, Washington, DC, for plaintiff.

John A. Hudalla, Attorney, with whom were Stuart F. Delery, Acting Assistant Attorney General, and John Fargo, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Lindsay K. Eastman, Attorney, United States Department of Justice, of counsel.

*ORDER*

HEWITT, Chief Judge.

Before the court are Defendant's Motion for a Stay Pending Plaintiff's Disclosure of Infringement Charts and Expert Testimony (defendant's Motion or Def.'s Mot.), Docket Number (Dkt. No.) 29, filed June 28, 2012; plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Stay Pending Plaintiff's Disclosure of Infringement Charts and Expert Testimony (plaintiff's Response or Pl.'s Resp.), Dkt. No. 31, filed July 13, 2012; Exhibit 1 to plaintiff's Response (Supplemental Disclosures), filed separately from plaintiff's Response, under seal, on July 16, 2012, as Dkt. Nos. 35, 35–1, and 35–2;[1] and Defendant's Reply in Support of Its Motion for a Stay Pending Plaintiff's Disclosure of Infringement Charts and Expert Testimony (Def.'s Reply), Dkt. No. 34, filed July 16, 2012 (collectively, the Claim Construction briefing).

In its Motion, defendant moves the court for a "stay of the claim construction proceedings pending the disclosure by plaintiff . . . of plaintiff's Infringement Charts and expert testimony in accordance with the Court's Scheduling Order of October 14, 2011," and also requests "that the Court reset the deadlines in the Scheduling Order to account for plaintiff's delay in producing this information." Def.'s Mot. 1. Defendant notes that plaintiff's expert report points the reader to plaintiff's claim construction statement for disclosure of plaintiff's expert's opinions and conclusions. *Id.* at 3. Plaintiff's expert report states that the expert's "opinions and conclusions regarding the construction of the relevant claim terms of the '652 Patent are set forth in the claim construction chart that comprises the Plaintiff's Claim Construction Statement in this case." *Id.* at Ex. B (Gillespie Report) B7. Defendant argues that plaintiff's claim construction statement "contains no such opinions and conclusions and no supporting rationales, facts, or data," and therefore is an insufficient expert disclosure under Rule 26(a)(2)(B)(i)–(ii) of the Rules of the United States Court of Federal Claims (RCFC). *Id.* at 3, 5.

Defendant also argues that plaintiff "fail[ed] to provide an infringement claim chart" as required by the court's Order of October 14, 2011, *id.* at 2; *see also* Order of Oct. 14, 2011, Dkt. No. 18, that would comply with paragraph 9(a) of Judge Damich's Special Procedures Order for Cases Under 28 U.S.C. § 1498(a) (Special Procedures Order), Def.'s Mot. 2–3, which was adopted by the parties as part of their case management plan in their Joint Preliminary Status Report (JPSR), *see* JPSR, Dkt. No. 11, at 5, Ex. A (Special Procedures Order).

With respect to the claim chart, plaintiff responds[2] that a document given to defendant on March 5, 2012 titled "Plaintiff['']s Supplemental Disclosures of Asserted Claims" is an adequate claim chart within the meaning of paragraph 9(a) of the Special Procedures Order. *See* Pl.'s Resp. 2. With respect to the expert report of Mr. James Brian Gillespie, plaintiff argues that, "for each disputed claim term, column 2 of the Claim Construction Statement sets forth Mr. Gillespie's opinion concerning how each such term should be construed." *Id.* at 4. According to plaintiff, Mr. Gillespie's expert report "provides all of the information required by Rule 26(a)(2) of the [RCFC]." *Id.* at 7. Plaintiff also argues that "[t]o make Mr. Gillespie

1.  Plaintiff's Exhibit 1 is not paginated. When citing to Exhibit 1, the court will refer to the docket number and the page number assigned by the court's Case Management/Electronic Case Filing system within each docket number.

2.  Plaintiff's response was due at or before 5:00 p.m. on Tuesday, July 10, 2012 pursuant to the court's Order of July 3, 2012. *See* Order of July 3, 2012, Docket Number (Dkt. No.) 30, at 1. Plaintiff did not file its response until July 13, 2012, three days late. *See* Mem. of Law in Opp'n to Def.'s Mot. for Stay Pending Pl.'s Disclosure of Infringement Charts and Expert Test., Dkt. No.

31.  Plaintiff's counsel, Mr. Zito, has been sanctioned previously in this case for failing to comply with the Orders of this court. *See generally CANVS Corp. v. United States*, No. 10–540 C, 2012 WL 1384492 (Fed.Cl. Apr. 23, 2012). During the telephonic status conference (TSC) the court advised Mr. Zito that the court will not overlook further late or deficient filings. TSC of July 17, 2012 at 10:39:18–26 (court). The court stated that it would consider additional sanctions, including the possible dismissal of the case, in case of a late or deficient filing. *Id.* at 10:39:27–43.

reproduce the information in the Claim Construction Statement in narrative form in the body of his expert report ... would be duplicative and wasteful, and would not yield any benefit to the Defendant because there is little more that he could say." *Id.* at 9. Plaintiff also states that it "will provide the Defendant with its counsel's arguments concerning the proper construction of each disputed claim term when it files its Opening Brief on Claim Construction." *Id.*

The court held a telephonic status conference (TSC) with the parties at 10:00 a.m. Eastern Daylight Time (EDT) on July 17, 2012[3] to resolve the issues raised in the Claim Construction briefing.

I.  Claim Chart

With respect to the issue of the claim chart, the court concludes that the document that plaintiff provided to defendant on March 5, 2012 was an adequate claim chart with respect to two accused devices, but that the document was not an adequate claim chart with respect to the remaining eight accused devices. *See* TSC of July 17, 2012 at 10:08:44–09:21, 10:09:29–58, 10:20:10–22 (court). In reviewing the document that plaintiff identified as its claim chart, the court evaluated whether it met the standard provided in paragraph 9(a) of the Special Procedures Order.

It appears that plaintiff met the requirements of parts (i) and (ii) of paragraph 9(a), which require that the claim chart contain "[e]ach claim of the patent in suit which the party alleges was infringed; [and] [t]he identity of each apparatus, product, [or] device ... which allegedly infringes each claim." JPSR Ex. A (Special Procedures Order) 12. Plaintiff states on the first page of its Supplemental Disclosures that it "assert[s] that claims 1, 2, 3, 4, 5, 6 and 7 of United States Patent 6,911,652 are infringed by the following known devices, under 35 U.S.C. § 217(a)" and then identifies ten accused devices which plaintiff alleges infringe plaintiff's patent. Pl.'s Resp. Ex. 1 (Supplemental Disclosures), Dkt. No. 35, at 1.

However, it appears that plaintiff's claim chart is deficient with respect to part (iv) of paragraph 9(a). Part (iv) requires plaintiff to show in its claim chart "[w]here each element of each infringed claim is found within each apparatus, product, [or] device." JPSR Ex. A (Special Procedures Order) 12. It appears to the court that plaintiff has shown where each element of each infringed claim is found within accused device number one, the Enhanced Night Vision Goggles (ENVG), in the photos, drawings, and text that appear from page ten of Docket Number 35 to page sixteen of Docket Number 35–1. *See* Pl.'s Resp. Ex. 1 (Supplemental Disclosures), Dkt. No. 35, at 10–49, Dkt. No. 35–1, at 1–16. It also appears to the court that plaintiff has shown where each element of each infringed claim is found within accused device number two, the Dual Band Universal Night Sight (DUNS), in the photos, drawings, and text that appear from page seventeen of Docket Number 35–1 to page twenty-seven of Docket Number 35–2. *See* Pl.'s Resp. Ex. 1 (Supplemental Disclosures), Dkt. No. 35–1, at 17–49, Dkt. No. 35–2, at 1–27.

In its Reply, defendant appears to agree that the document provided by plaintiff on March 5, 2012 was an adequate claim chart with respect to the ENVG and the DUNS, accused devices numbers one and two. *See* Def.'s Reply 2–3. Defendant confirmed this view during the TSC. *See* TSC of July 17, 2012 at 10:09:09–28, 10:09:32–10:24 (colloquy between the court and defendant's counsel).

The remainder of the document, some twenty-two pages, makes several references to accused devices numbered three through seven (the Lockheed Martin Systems (LMCO) Arrowhead Upgrade Program, the LMCO Pathfinder, the LMCO AH–1Z Target Sight System (TSS), the LMCO Gunship Multi–Spectral Sensor System (GMS2), and the Digital Vision Enhancer System (DVE)). *See, e.g.,* Pl.'s Resp. Ex. 1 (Supplemental Disclosures), Dkt. No. 35–2, at 29, 36–37, 40–43, 46–48. Accused device number nine, the Fused Multi–Spectral Weapon Sight

---

**3.** The TSC held on Tuesday, July 17, 2012 was recorded by the court's Electronic Digital Recording (EDR) system. The times noted in citations to the TSC refer to the EDR record of the TSC.

(FMSWS or FWS) was also briefly mentioned at page 20 of Docket Number 35-1. *See id.* Dkt. No. 35-1, at 20. The court concludes that these brief mentions, without a specific showing of "[w]here each element of each infringed claim is found within each [accused device]" are insufficient to constitute a claim chart within the meaning of paragraph 9(a)(iv) of the Special Procedures Order. Plaintiff was afforded an opportunity during the TSC to explain its view that the document it provided on March 5, 2012 was an adequate claim chart with respect to accused devices numbered three through ten, *see* TSC of July 17, 2012 at 10:14:49–15:10 (court), but plaintiff was unable to point the court to specific pages that would support its view, *id.* at 10:18:30–58 (plaintiff's counsel).

The court advised the parties that it has concluded that plaintiff failed to provide an adequate claim chart with respect to accused devices three through ten. *Id.* at 10:20:15–23 (court). Although plaintiff claims that it has "reserved the right to provide updated infringement claim charts to the Defendant at an appropriate time in the future," Pl.'s Resp. 3, plaintiff misunderstands the claim construction process. Under paragraph 9(c) of the Special Procedures Order,[4] "Amendment of a Claim Chart . . . may be made only by order of the Court upon a timely showing of good cause." JPSR Ex. A (Special Procedures Order) 13. The court notified plaintiff that plaintiff would be permitted to amend its claim chart to include accused devices numbered three through ten only if it could show good cause as to why it had not timely provided this information on June 18, 2012 when the claim chart was due to be filed under the court's October 14, 2011 scheduling order. TSC of July 17, 2012 at 10:21:36–22:25 (court).

The court set deadlines for briefing the issue of good cause during the TSC. *Id.* at 10:35:53–38:00 (colloquy between the court and counsel for the parties). At or before 5:00 p.m. EDT on Friday, August 3, 2012, plaintiff shall file an opening brief on the issue of a timely showing of good cause. Defendant shall file a response at or before 5:00 p.m. EDT on Friday, August 17, 2012. Plaintiff shall file a reply at or before 5:00 p.m. EDT on Thursday, August 23, 2012.

## II. Claim Construction Statement and Expert Report

■ With respect to the issue of plaintiff's claim construction statement and plaintiff's expert report, the court concludes that the documents that plaintiff provided to defendant were inadequate. *Id.* at 10:24:53–27:05 (court). In reviewing the claim construction statement, the court evaluated whether it met the standard provided in paragraph 11(a) of the Special Procedures Order. In reviewing plaintiff's expert report, the court evaluated whether it met the standards stated in Rule 26(a)(2)(B)(i)–(vi).

Taking plaintiff at its word, that Column Two of plaintiff's claim construction statement—labeled "Proposed Construction," Def.'s Mot. Ex. A (Claim Construction Statement) A4—is actually expert opinion, *see* Pl.'s Resp. 4, plaintiff has not provided an adequate claim construction statement. Defendant is entitled under the court's Order of October 14, 2011 to three documents: "[p]laintiff's claim chart, proposed claim construction statement, and any expert reports in support of plaintiff's proposed claim constructions." Order of Oct. 14, 2011, at 2. Defendant is therefore entitled to know both the construction that is proposed by counsel and the expert's opinion, if any, on claim construction. Column Two of plaintiff's

---

**4.** The parties stated in their Joint Preliminary Status Report (JPSR), Dkt. No. 11, that their plan for discovery and patent claim construction "incorporates elements of Judge Damich's pro forma Special Procedures Order for Cases Under 28 U.S.C. § 1498(a) [(Special Procedures Order)]." JPSR 5. In a table that follows this statement, next to the documents to be filed and the date on which they are to be filed, the parties include as a "[r]eference" the paragraphs of the Special Procedures Order which are relevant to each particular document. *Id.* at 5–6. With respect to plaintiff's claim chart and defendant's claim chart, the parties refer to paragraphs 9(a) and 9(b) without specific mention of paragraph 9(c). *Id.* at 6. Although it is unclear whether or not the parties intended to adopt paragraph 9(c), the court finds that paragraph 9(c) provides an appropriate standard with respect to permission to amend claim charts and therefore applies it here.

claim construction statement cannot serve both functions.

The texts of RCFC 26(a)(2)(B) and of paragraph 11(a) of the Special Procedures Order both support the conclusion that the expert report and the claim construction statement should be two separate documents. Pursuant to RCFC 26(a)(2)(B), an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." RCFC 26(a)(B)(i)–(ii).[5] In contrast, pursuant to Paragraph 11(a) of the Special Procedures Order, "each party claiming patent infringement must serve on all parties a 'Proposed Claim Construction Statement,' which shall contain [the party's] . . . [p]referred interpretation of any claim term or phrase and identification of support for that interpretation in the claims themselves." JPSR Ex. A (Special Procedures Order) 14. Paragraph 11(a) of the Special Procedures Order contemplates that the proposed claim construction statement will refer to "[a]ny extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, . . . expert testimony." *Id.* Accordingly, defendant is to receive from plaintiff an expert report that discloses the expert's opinions and the basis and reasons for them, and a proposed claim construction statement from plaintiff in which plaintiff provides its "[p]referred interpretation of any claim term or phrase and identification of support for that interpretation in the claims themselves," and which complies with the other requirements of paragraph 11(a) of the Special Procedures Order. *See id.* Because plaintiff has provided neither a claim construction statement nor an expert report, but rather a document identified as its claim construction statement that—plaintiff maintains—contains the opinions of its expert, *see*

TSC of July 17, 2012 at 10:24:53–27:05 (court), plaintiff must now provide the required documents.

The court set deadlines during the TSC for plaintiff to submit its claim construction statement and Mr. Gillespie's expert report. Plaintiff represented that it could provide a revised claim construction statement to defendant on or before Friday, July 27, 2012. *Id.* at 10:32:53–33:08 (plaintiff's counsel). Plaintiff shall therefore provide to defendant a revised claim construction statement that complies with paragraph 11(a) of the Special Procedures Order at or before 5:00 p.m. EDT on Friday, July 27, 2012. Plaintiff also represented that if Mr. Gillespie was immediately available to revise his expert report, plaintiff could also provide a revised expert report to defendant on or before Friday, July 27, 2012. *Id.* at 10:33:09–16.

If Mr. Gillespie is not immediately available such that plaintiff is not able to provide a revised expert report at or before 5:00 p.m. on Friday, July 27, 2012, the court instructs plaintiff's counsel to consult with defendant's counsel to arrive at a mutually agreeable due date for the expert report, which date shall be provided to the court in a joint motion to adopt the new date. *See id.* at 10:33:20–34:14 (court). Until such motion is granted by the court, plaintiff shall be expected to provide to defendant a revised expert report at or before 5:00 p.m. EDT on Friday, July 27, 2012.

### III. Future Deadlines

Because the court has found plaintiff's submissions to be deficient, and because the court has scheduled dates for additional briefing and for revised submissions by plaintiff, it is appropriate to suspend the deadlines contained in the court's Order of October 14,

---

5. The Rule also requires that the expert report provide the witness's qualifications, *see* Rules of the United States Court of Federal Claims (RCFC) 26(a)(2)(B)(iv), a list of all other cases in which the expert has testified as an expert witness during the previous four years, *id.* at 26(a)(2)(B)(v), and "a statement of the compensation to be paid for the study and testimony in the case," *id.* at 26(a)(2)(B)(vi). The court finds—and defendant does not contend otherwise—that the expert report provided by plaintiff

is sufficient with respect to RCFC 26(a)(2)(B)(iv)–(vi). *See* Def.'s Mot. for a Stay Pending Pl.'s Disclosure of Infringement Charts and Expert Test., Dkt. No. 29, at Ex. B (Gillespie Report) B1–B3, B6. Defendant also acknowledges that "[t]he Gillespie Report does . . . provide an adequate disclosure of Gillespie's opinions on the qualifications and background of the person or ordinary skill in the relevant art of the patent-in-suit, as is typical in a claim construction report." *Id.* at 3 n.1.

2011. After the submission of plaintiff's revised claim construction statement and expert report, the conclusion of briefing as set out in Part I of this Opinion, and the filing of the court's opinion on the issue of good cause relating to plaintiff's failure to file an adequate claim chart, the court will issue revised deadlines.

IV. Conclusion

Defendant's Motion is GRANTED.

IT IS SO ORDERED.